PLUNKETT v. STATE.

Opinion delivered May 7, 1904.

1.  CARNAL ABUSE—"UNLAWFULLY" DEFINED.—In Sand. & H. Dig., § 1865, providing punishment for persons "convicted of carnally knowing or abusing unlawfully any female person under the age of sixteen years," the word "unlawfully" is used with reference to Sand. & H. Dig., § 4907, making it lawful for females to marry at the age of fourteen years, the legislature intending to make it a felony carnally to know or abuse any female under the age of ·sixteen years, with or without her consent, except in case of lawful marriage. (Page 410.)

2.  SAME—EXCLUSION OF INFANT.—It was not prejudicial error in a prosecution for carnal abuse to refuse to exclude the baby of the prosecutrix from the presence of the jury while she was testifying. (Page 411.)

3   SAME—CHASTITY.—In a prosecution for carnal abuse it was not error to exclude testimony tending to prove that the prosecutrix had had sexual intercourse with some one other than appellant, as her character for chastity is not involved in a charge of this kind. (Page 411.)

4.  WITNESS—IMPEACHMENT.—The answer of a witness on cross-examination as to an immaterial point cannot afterwards be contradicted. (Page 411.)

5.  HEARSAY—SELF-SERVING DECLARATION.—It is inadmissible for defendant to prove a conversation between himself and one of his witnesses. (Page 412.)

Appeal from Logan Circuit Court.

JEPTHA H. EVANS, Judge.

Affirmed.

STATEMENT BY THE COURT.

At the January term, 1902, of the Logan circuit court for the Northern District the grand jury returned an indictment against the appellant for carnal abuse, charging that he, on the 10th of April, 1901, in the Northern district of Logan county, Arkansas, unlawfully and feloniously did carnally know one Annie E. Walker, a female, under the age of 16 years, they, "the said Wesley Plunkett and Annie E. Walker, not being then and there married to each other, against the peace and dignity

of the state of Arkansas." At the August term appellant waived arraignment, pleaded not guilty, was tried by a jury, convicted and sentenced. Appellant moved to arrest the judgment, because, he says, the indictment did not state facts sufficient to constitute an offense.

*J. H. Carmichael* and *Robt. J. White,* for appellant.

The court should have excluded the child from the presence of the jury. 65 S. W. 375. Carnal knowledge must be unlawful. 62 S. W. 1060; 97 N. C. 465; 27 Am. & Eng. Enc. Law, 696. The common law in force at the time the statute was passed is to be considered in construing the statute. 44 Ark. 265; 50 Ark. 330. Fornication and adultery are, in the absence of legislation, not crimes. 1 Bish. Crim. Law, § 38.

*G. W. Murphy, Attorney General,* for appellee.

WOOD, J. (after stating the facts). Appellant contends that the indictment is bad because neither the statute under which it is drawn, nor any other statute, defines what is an unlawful carnal knowledge, and because it was not an offense at the common law to have carnal knowledge of a female between the ages of 12 and 16 with her consent. The statute under which appellant was indicted is as follows: "Every person convicted of carnally knowing or abusing unlawfully any female person under the age of 16 years shall be imprisoned in the penitentiary for a period of not less than five nor more than twenty-one years." Sand. & H. Dig. § 1865. The legislature intended by this enactment to make it a felony for any person to carnally know or abuse any female under the age of 16 years, except in cases of marriage, either with or without her consent. Our statute makes it lawful for females to marry at the age of 14 years. Sand. & H. Dig. § 4907. And the word "unlawfully" was used in the criminal statute under consideration with reference to the above provision of the civil statute, and to except those who came within it. If this was not the purpose of the use of the word "unlawfully," then it had no purpose, and the legislature was engaged in putting a foolish conglomeration of words into a meaningless sentence. To protect young girls from the wanton

wiles of the seducer, the legislature fixed the age at which she could consent to sexual intercourse, except in case of marriage, at 16 years. The law against rape afforded them ample protection against forcible intercourse before the passage of this act. We must give to every word in a statute some meaning if it is possible to do so and carry out the purpose of the legislature. But it is obvious that, unless the word "unlawfully" was used in the sense indicated above, it is meaningless, and its use was surplusage; for the statute would be complete without it, and defines the crime of and prescribes the punishment for carnal knowledge or abuse of a female under the age of 16 years.

The prosecutrix testified that about the last of March, or first of April, 1901, appellant had sexual intercourse with her twice; that she consented to such intercourse; that she was 15 years old, and that no one else ever had sexual intercourse with her. While she was testifying, she had her baby in her lap. Appellant asked to exclude the baby from the presence of the jury, which the court refused. The baby of prosecutrix was proof conclusive that she had sexual intercourse with some one, but, in the absence of anything in the record showing that it resembled appellant, we do not see that the mere fact of there being a baby in the case tended in any way to show that appellant was its father. The point of inquiry in the case was whether appellant had had sexual intercourse with the prosecutrix while she was under 16. The mere fact that prosecutrix had given birth to a child, which child she had present when she was testifying, did not tend to show that appellant was guilty, and therefore he was not prejudiced by the ruling of the court.

The proffered testimony of various witnesses on behalf of appellant tending to prove that prosecutrix had sexual intercourse with some one other than appellant was immaterial. The character of the prosecutrix for chastity is not involved in a charge of this kind, as in cases of seduction. The only question in a charge of this kind is whether appellant had sexual intercourse with the prosecutrix. The "et tu" defense does not obtain.

The prosecutrix on cross-examination testified broadly that she had never had sexual intercourse with any one except appellant, and appellant contends that he should have been permitted

to show that she had sexual intercourse with another, to contradict and impeach her. But here again such impeachment would have been on an immaterial point, which is not allowed when brought out for the first time on cross-examination. The rule in such cases is that when a party on cross-examination asks the witness a question on an immaterial issue he cannot afterwards contradict the answer made by the witness. *Butler* v. *State,* 34 Ark. 480. What we have said applies to the proffered testimony of witnesses Hooper, Freeman, Briggs, Hixson and Mrs. Brown tending to show sexual intercourse of prosecutrix with some other than appellant, and also the testimony of Mrs. Brown as to what prosecutrix said to her on the night when prosecutrix was at her house. All this alleged conversation was about matters immaterial to the charge against appellant, and was therefore inadmissible. *Billings* v. *State,* 52 Ark. 303; *Jones* v. *Malvern Lumber . Company,* 58 Ark. 125.

The offered testimony of Mrs. Rowland and Mrs. Brown, by which appellant was seeking to prove a certain conversation which took place between him and one of his witnesses, to-wit, Tom Walker, was clearly inadmissible both on the ground of irrelevancy and self-serving declarations.

Affirmed.