RENFROE *v.* STATE.

Opinion delivered July 8, 1907.

1. INDICTMENT—VALIDITY.—Where the grand jury on a certain day presented an indictment against defendant, and subsequently on the same day withdrew such indictment and filed a second indictment for the same offense, there being no change in the personnel of the grand jury since the finding of the first indictment, a motion to quash the second indictment because no witnesses were re-introduced before the grand jury to prove its allegations was properly overruled. (Page 19.)

2. CONTINUANCE—ABSENCE OF WITNESS.—A continuance on account of the absence of nonresident witnesses who would, if present, testify as to the age of the prosecutrix in a prosecution for carnal abuse was properly denied where the prosecutrix resided in the county, and there was no showing why her age could not be shown by resident witnesses. (Page 20.)

3. CARNAL ABUSE—DEFENSE.—In a prosecution for carnally knowing a female under age evidence that other persons had sexual intercourse with her is inadmissible. (Page 20.)

4. APPEAL—HARMLESS ERROR.—If it was error to admit the baptismal register to prove the age of the prosecutrix, such error was not prejudicial where her age was proved by other competent evidence beyond a reasonable doubt. (Page 20.)

5. EVIDENCE—OTHER CRIMES.—It was not improper in a prosecution for carnal abuse alleged to have been committed in a certain judicial district, to permit the prosecutrix to testify that on the same night on which the alleged offense was committed and while she was out driving with defendant, he, as part of the same transaction, committed the same offense with her in an adjoining judicial district. (Page 20.)

6. TRIAL—IMPROPER ARGUMENT.—Where improper remarks made by the prosecuting attorney in a criminal case were withdrawn by him on objection being made, and the court instructed the jury not to

consider them, and no prejudice appears to have resulted, a conviction will not on that account be set aside.   (Page 20.)

Appeal from Sebastian Circuit Court, Fort Smith District; *Daniel Hon,* Judge; affirmed.

*Edwin Hiner* and *Ben Cravens,* for appellant.

1.   The motion to quash the indictment should have been sustained.   Kirby's Digest, § 2203; 67 Ark. 256.

2.   The court's refusal to grant a continuance was, under the circumstances in this case such an abuse of discretion as to warrant a reversal.   71 Ark. 180.

3.   The testimony of the prosecuting witness as to an assault committed in the Greenwood District was improperly admitted.   73 Ark. 262; 67 Ark. 112.

4.   The baptismal record and the card of St. John's Episcopal Church were inadmissible as evidence of the age of Bertha Huber, and should have been excluded.   Likewise, it was erroneous to admit the ledger of Dr. Stevenson.   65 Ark. 65.

*Wm. F. Kirby,* Attorney General, and *Daniel Taylor,* Assistant, for appellee.

1.   Finding a second indictment on testimony on which the first was based is an irregularity merely, and no ground for reversal.   67 Ark. 266; 82 Ark. 321.

2.   None of the testimony for the production of which the continuance was sought was material and relevant, except as to the age of the prosecuting witness; and the record shows that she was born and reared in Fort Smith.   Why was it necessary to send to the Indian Territory for witnesses to prove her age?   77 Ark. 146.

3.   The documentary evidence submitted was admissible, except possibly the baptismal card; but if it was erroneously admitted it was harmless error, since her age was clearly proved by other competent evidence.   2 Greenleaf, Ev. § 363; 1 Enc. Ev. 732; Wigmore, Ev. § § 1482-1495.

BATTLE, J.   "At the March, 1907, term of the Sebastian Circuit Court, Fort Smith District, the grand jury returned an indictment against Tom Renfroe, accusing him of the crime of carnal knowledge of a female under the age of 16 years, com-

mitted as follows, towit: The said defendant, in the county and district aforesaid, on the 17th day of February, 1907, unlawfully and feloniously did carnally know and abuse Bertha Huber, a female person under the age of 16 years, against the peace and dignity of the State of Arkansas."

The defendant moved the court to "quash the indictment against him in this case for the reason that the same was found and returned by the grand jury without the production before them of any legal testimony or testimony of any kind. And to sustain the said motion introduced the following evidence: That an indictment had been returned charging the defendant with this said crime on the..........day of............, 1907, and that said indictment had been, upon motion of district attorney, quashed and case remanded to the grand jury for further action; and that on the same day, and within a short time after said indictment was quashed, the grand jury returned into court this indictment; and that between the time of quashing the first indictment and returning this one no witness had been called, but the testimony upon which the former indictment was returned was re-read by the grand jury, and upon that this indictment was found and returned; and that there had been no change in the personnel of the grand jury since the finding of the first indictment."

This motion was overruled by the court.

And on the same day he moved for a continuance on account of absent witnesses, and stated in his motion what he expects to prove by them, in part as follows:

"The defendant expects to prove by William Taylor that he, said William Taylor, was a citizen and resident of the city of Ft. Smith in the latter part of March, 1895, at which time he removed to the Indian Territory, and at that time was acquainted with the prosecuting witness in this case, Bertha Huber: that she was apparently at that time six or seven years of age, and was actually attending the public schools in the city of Ft. Smith. The defendant expects to prove by Ed Taylor that the said Ed Taylor is of the age of 21 years; and that prior to the latter part of March, 1895, he was living in the city of Ft. Smith and attending the public schools, and at that time was acquainted with the prosecuting witness, Bertha Huber, and knows

she was at that time at least six years of age and attending the public schools in the city of Ft. Smith.

"The defendant expects to prove by Will Allen that the said Will Allen had been acquainted with the prosecuting witness for some time, and that she had represented her age to him as being over sixteen years of age, and that at different times and places in the city of Ft. Smith or vicinity this witness has had carnal knowledge of and sexual intercourse with the said Bertha Huber with her full consent."

The motion for continuance was overruled.

In the progress of the trial the baptismal record of Bertha Huber was read as evidence over the objections of the defendant. It is stated in this record that Bertha was baptized on the 16th of April, 1892, and the date of her birth was given as February 24, 1891.

Bertha Huber was allowed to testify, over the objection of the defendant, that the defendant assaulted and carnally knew her on Sunday night, February 17, 1907, in the Greenwood District, in Sebastian County, Arkansas.

Many instructions were asked by the defendant and refused by the court. So far as correct and applicable, they were included in instructions given by the court.

"The defendant did not take the stand as a witness, and the prosecuting attorney in his closing argument to the jury made use of the following language: 'At that time they did not know whether they would put the defendant on the stand or not.' To which statement the defendant at the time excepted. Upon the defendant objecting to the statement the attorney for the State at once withdrew the same, and the court then and there instructed the jury not to consider the statement so made by the attorney for the State or permit the same to influence their verdict."

The jury found the defendant guilty, and assessed his punishment at three years' imprisonment in the penitentiary, and the court rendered judgment accordingly. The defendant appealed.

The motion to quash the indictment was properly overruled. *Worthem* v. *State,* 82 Ark. 182.

The appellant asked for a continuance on account of the absence of witnesses, by whom he expected to prove that they knew Bertha Huber about the latter part of March, 1895, when she was attending public school in Ft. Smith, Arkansas, and her age at that time. These witnesses are temporarily in the Indian Territory. There does not appear to be any good reason why the appellant should send to the Indian Territory for witnesses to prove the age of a girl born and reared in Ft. Smith, in a trial in that city. If there was any, it should have been stated in the motion for continuance. *Hust* v. *State,* 77 Ark. 146. Other facts stated in the motion to be known by absent witnesses were incompetent and inadmissible. There was no abuse of discretion in the overruling of the motion for continuance.

Assuming that the baptismal register was inadmissible as evidence, it was not prejudicial. The age of the abused girl was proved beyond a reasonable doubt. Against absolute proof stood the doubtful testimony of witnesses as to the admission of the girl who could have known nothing about it except from information. There was only one rational conclusion upon the subject.

Appellant committed the offense for which he was indicted on the same night he committed the offense in the Greenwood District, about which Bertha Huber was allowed to testify. Both were committed while she and appellant were driving and on the same drive, and while she was in the power and at the mercy of the appellant, and were a part of one unbroken transaction, and evidence of the Greenwood offense was admissible to explain the acts of the appellant on that occasion and to put the jury in the full possession of the whole transaction, and to enable them to act more advisedly in the premises.

The improper remarks of the prosecuting attorney were promptly withdrawn by him on objection, and the court instructed the jury not to consider or permit them to influence their verdict. Ordinarily, this is sufficient to cure the prejudice of such remarks, and we do not see that this case is an exception to the rule, and we do not see how it could have been more effectually done by a confession of the wrong and the instruction

of the court. No prejudice is indicated by the verdict. See *Little Rock & Ft. Smith Ry. Co.* v. *Cavenesse,* 48 Ark. 106.

Judgment affirmed.