FORT SMITH AUTOMOBILE & SUPPLY COMPANY *v.* NEDRY.

Opinion delivered October 30, 1911.

1.  COURTS—POWER TO RESTORE LOST RECORDS.—A court of general juris-
    diction, independently of statute, possesses the inherent power to sub-
    stitute or restore its lost or destroyed records, and such power is not
    taken away by a statute unless a clear intention to do so appears.
    (Page 486.)

2.  DAMAGES—WHEN NOT EXCESSIVE.—Where, in an action for personal
    injuries, it appears that plaintiff's left leg was shortened, requiring her
    to wear a raised heel, and she sustained a permanent spinal injury, from
    which she suffered great pain, that before her injury she earned $75 per
    month as a teacher, but since then has not been able to earn more than
    $50 per month, a recovery of $5,000 was not excessive.  (Page 487.)

Appeal from Sebastian Circuit Court, Fort Smith District;
*Daniel Hon,* Judge; affirmed.

*Winchester & Martin,* for appellant.

The court erred in permitting the substitution of the plead-
ings in this case without a compliance with the statutes requir-
ing notice, verification and filing of petition therefor thirty
days previous to the term.   Kirby's Dig. §§ 6504, 6506, 6508.
Even where there is no statutory provision for the substitution
of lost or destroyed instruments, proceedings therefor must
be instituted by motion or application to the court upon notice
to the adverse party.   25 Ala. 551; 13 Fla. 574.   And where
there is statutory provision for such substitution, the statute
must be followed.   86 Ky. 504; 6 S. W. 330.   In either case,
notice to the adverse party is necessary.   8 Ala. 298; 6 Fla.
12;  80 Ill. 307,   See also 165 Ill. 26;  45 N. E. 961;  119
Ala. 497; 24 So.; 259; 66 Ala. 495.

*Cravens & Cravens* and *J. F. O'Melia,* for appellees.

The statutes relied on by appellant are not exclusive of
other methods for substituting lost papers or proving their
contents.   Such statutes do not take away any inherent power
of the court to restore its lost records, and either statutory
or common-law methods may be pursued.   13 Enc. Pl. & Pr.,
374 and decisions cited.

In this case the existence and subsequent loss of the plead-
ings are conceded.   Appellee's attorneys offered to verify as
true the copies substituted.   That they were true copies was
not denied, appellant's attorneys contenting themselves with

stating that they might or might not be copies. No surprise is alleged or shown. The papers having been lost while in possession of appellant's attorneys, if there is any fault connected with the loss, appellant must bear the burden of it. 49 O. 70; 7 Ga. 181; 40 Ga. 546; 66 Ga. 249; 17 N. J. L. 433; 47 Pac. 370, 116 Cal. 424; 6 N. W. 675; 16 Ark. 237.

McCULLOCH, C. J.    The plaintiffs, John B. Nedry and Annie Nedry, instituted separate actions against defendant, Fort Smith Automobile & Supply Company, to recover damages on account of alleged negligence of defendant's agent and servant in operating an automobile along the streets of Fort Smith, which, on account of said alleged negligence, collided with a buggy owned by the first-named plaintiff and in which the last-named plaintiff was riding. John B. Nedry claimed damages in the sum of $50.00 on account of injury to the buggy and harness, and the other plaintiff, Annie Nedry, claimed damages on account of personal injuries caused by the collision. The two cases were consolidated, and the trial resulted in a verdict in favor of John B. Nedry for damages in the sum of $35.00 and in favor of Annie Nedry for damages in the sum of $5,000.

The testimony upon the main issue, as to negligence upon the part of defendant's servants, is not abstracted, nor are the instructions of the court set forth in the abstract. It is not contended that the evidence is insufficient to sustain the verdict as to liability of the defendant, nor that there was any error in the instructions of the court, but other questions are argued, which we will consider in the order presented.

In the first place, it is insisted that the court erred in allowing copies of the pleadings in the case to be substituted for the lost originals without compliance with the statute which provided that such order of substitution shall be made only upon petition, verified by affidavit, and after thirty days' notice to the adverse party. Kirby's Digest, §§ 6504, 6506, 6507, 6508. It seems clear that the appellant was not prejudiced by the substitution, even if it be held that the statute applies, and that the statutory mode was not followed. The sections referred to form a part of an act approved January 10, 1855, which was a special statute authorizing the restoration of the records of Prairie County, which had been destroyed

by fire, as recited in the preamble to the act. Two years later the Legislature, by an act approved January 10, 1857, extended the Prairie County special statute so as to make it cover all other portions of the State, but the latter statute contained the following proviso:

"That nothing in this act contained shall be so construed as to hinder or prevent any such lost, burned or destroyed records, papers or proceedings from being reinstated and reestablished by any other mode known to or recognized by existing laws, should the same be deemed more convenient, and work no wrong or injustice to other parties interested."

Independent of statute, a court of general jurisdiction possesses the inherent power to substitute or restore its lost or destroyed records, and such power is not taken away by a statute unless a clear intention to do so appears in the body of the statute itself. *Suggett* v. *Bank,* 8 Dana (Ky.) 201; *Bullock* v. *Commonwealth,* 96 Ky. 537; *Gammon* v. *Knudson,* 46 Iowa 455; *Bowman* v. *McLaughlin,* 45 Miss. 461; *Dubois* v. *Thomas,* 14 S. C. 30. The statute herein referred to not only does not attempt to take away the inherent power of a court to restore its lost records, but expressly recognizes and preserves that power. There was, therefore, no error in the ruling of the court allowing copies of the pleadings to be substituted. Satisfactory evidence was adduced establishing the correctness of the copies which were substituted.

It is next insisted that the assessments of damages are excessive. Plaintiff John B. Nedry remitted the amount of his recovery down to $20, and we are of the opinion that the evidence abundantly sustains a recovery for that amount. The buggy was, according to the testimony, damaged to the extent of $19.25, and the harness, which he testified was worth $10, was totally destroyed. We are also of the opinion that the amount of damages assessed in favor of Annie Nedry is not excessive. The evidence tends to show that she sustained a very painful and permanent injury. Her left leg was injured at the knee, so that the leg was shortened and made it necessary for her to wear a shoe with a raised heel in order to walk with any degree of comfort and convenience. She also sustained an injury of the spine, from which she suffered great pain. There was evidence tending to show that both of these

injuries are permanent. She is a school teacher, and her earning capacity has been materially decreased on account of her physical injuries. Before the injury occurred she earned $75 per month, and since then has not been able to earn more than $50 per month, and can not teach in a room upstairs, where she is required to go up and down steps. We can not say that a recovery of $5,000, under that state of proof, is excessive, so the judgment in each case is affirmed.