McGehee v. State.

Opinion delivered February 18, 1924.

1. RAPE—SUFFICIENCY OF EVIDENCE.—In a prosecution for carnally knowing a female under 16 years, testimony *held* to sustain a finding that such intercourse took place before the prosecutrix reached the age of 16 years.

2. INDICTMENT AND INFORMATION—TIME OF OFFENSE.—In a prosecution for carnal abuse of a female under 16 years of age, proof of intercourse within the period of limitations and while prosecutrix was under 16 rendered immaterial an unproved allegation of the date of the intercourse.

3. RAPE—CARNAL ABUSE—CORROBORATION OF PROSECUTRIX.—In a prosecution for carnally knowing a female under 16 years of age, her

mother's testimony that defendant's attentions to prosecutrix were very noticeable, and that he sought many opportunities to be alone with her, was competent as tending to corroborate the testimony of prosecutrix that illicit relationship existed between her and defendant.

4. CRIMINAL LAW—HARMLESS EVIDENCE.—In a prosecution for carnal abuse of a female under 16 years old, testimony of the State's witness concerning defendant's remark to him that a certain girl whose identity was not proved could not be reached with a 10-foot pole, though incompetent, was too vague and irrelevant to be prejudicial.

6. RAPE—INSTRUCTION AS TO CHARACTER OF PROSECUTRIX.—In a prosecution for carnal knowledge of a female under 16 years of age, an instruction that the moral character of prosecutrix might be considered as a circumstance tending to show the truthfulness of her statements was not improper.

Appeal from Franklin Circuit Court, Ozark District; *James Cochran*, Judge; affirmed.

*Linus A. Williams* and *June P. Clayton*, for appellant.

*J. S. Utley*, Attorney General, *John L. Carter*, Assistant, for appellee.

SMITH, J. Appellant was convicted, upon a trial, under an indictment charging him with having carnally known Lena Fisher, a female under the age of sixteen years. The indictment was returned on September 27, 1923, and the girl alleged to have been abused had her sixteenth birthday on January 17, 1922. To sustain the conviction, it is essential therefore that the proof show that sexual intercourse was had at some time prior to January 17, 1922, and yet within three years of September 27, 1923, the date the indictment was returned.

It is first insisted that the testimony did not show any act of sexual intercourse while the girl was under sixteen which did not occur more than three years before the indictment was returned.

We do not think this is the only conclusion to be drawn from the testimony. Lena Fisher testified that appellant had married her sister, and that she visited at the home of her sister, and that appellant began having

sexual intercourse with her when she was only fourteen years old, and that he continued to do so whenever the opportunity was afforded, until after she became pregnant, and that she became a mother on June 16, 1923, and that appellant was the father of her child. It is true that, in the course of nature, this baby was begotten after Lena Fisher became sixteen years old, but it will be remembered that she testified that the illicit relation commenced when she was fourteen and continued over a period of three years.

The mother and younger unmarried sister gave testimony strongly corroborating the testimony of Lena Fisher. Her mother testified that appellant's attentions to Lena were very noticeable, and that he sought many opportunities to be with her alone, and that she was constantly watching them to keep them apart. The younger daughter testified that, when only herself and Lena and appellant were together, he would find some excuse to send her away, and that Lena and appellant sought opportunities to be alone with each other, and that on one occasion she and Lena slept in the same bed at appellant's home, and that she was awakened during the night and found appellant sitting on the bed, and that this incident occurred in 1921. Any act of intercourse committed at any time during that year would, of course, have been within three years of the date of the indictment and yet while Lena was under sixteen years of age.

It is true Lena did not specifiy any exact date on which an act of sexual intercourse occurred, but we think her statement that these acts of intercourse continued during a period of three years was sufficiently definite.

It is true also, as is pointed out by counsel for appellant, that the indictment alleged the date of the commission of the offense as being September 1, 1921, but this date is immaterial if the offense was in fact committed within three years of the date of the indictment and at a time when Lena was under sixteen years of age.

It is insisted that the testimony of the mother was irrelevant, incompetent, and immaterial; but we do not

think so, as it tended to corroborate the testimony of Lena Fisher that the illicit relationship continued after it commenced.

A Dr. Kirksey testified that he delivered the child, and that, while he was engaged in its delivery, Lena stated that appellant was its father. When this testimony was offered, appellant's counsel moved to exclude it on the ground that the statement was made after the girl had reached seventeen years of age. The court appears to have excluded the testimony on the ground that it was hearsay. It appears, moreover, that the admission of this testimony was not assigned as error in the motion for a new trial.

The court permitted Tobe Robinson, who was called as a witness for the State, to answer, over appellant's objection, the following question: "State if you ever had a conversation with him (appellant) about certain actions with any girls," and the witness answered that appellant had told him there was a certain girl he thought could not be reached with a ten-foot pole. The witness did not explain what was meant by this statement, but the inference is that the girl did not permit any one to have intercourse with her, and that appellant had acquired this information as the result of unavailing importunity.

We cannot conceive on what theory this testimony was admitted, nor do we see how it could have been prejudicial. The name of the young lady was not disclosed, nor does the testimony show in what connection the remark was made, nor what appellant meant by making the remark. The remark is too vague, too irrelevant, and so entirely *apropos* to nothing at all that we think no prejudice resulted from the admission of this incompetent testimony.

An exception was saved to an instruction which told the jury that the moral character of the female might be considered as a circumstance tending to show the truthfulness of her statements. We see no objection to this instruction, but, if it was erroneous, the giving of it was not assigned as error in the motion for a new trial.

Certain other assignments of error are discussed in the brief for appellant, but they involve no questions which we think require discussion, and for that reason we do not do so.

No error appearing, the judgment is affirmed.