COCHRAN *v.* STATE.

Opinion delivered October 12, 1925.

1. RECEIVING STOLEN GOODS—SUFFICIENCY OF INDICTMENT.—An indictment for receiving stolen goods which fails to allege that the goods were received by the defendant "with the intent to deprive the true owner thereof," as required by Crawford & Moses' Digest, § 2493, is fatally defective.

2. CRIMINAL LAW—AMENDMENT OF RECORD.—The circuit court has the power to amend its record in a criminal case even after an appeal to the Supreme Court has been perfected; but such correction of the former court's record cannot be made in the Supreme Court.

Appeal from Faulkner Circuit Court; *George W. Clark,* Judge; reversed.

*J. C. & Wm. J. Clark,* for appellant.

*H. W. Applegate,* Attorney General, and *Darden Moose,* Assistant, for appellee.

HART, J. George Cochran prosecutes this appeal to reverse a judgment of conviction against him for the crime of receiving stolen property.

His sole reliance for a reversal of the judgment is that the circuit court erred in not sustaining a demurrer to the indictment. The indictment was returned under § 2493 of Crawford & Moses' Digest, which reads as follows:

"Whoever shall receive or buy any stolen goods, money or chattels, knowing them to be stolen, with intent to deprive the true owner thereof, shall, upon conviction, be punished as is, or may be, by law prescribed for the larceny of such goods or chattels in cases of larceny."

The indictment, as it is copied in the transcript, fails to contain an allegation that the goods were received by the defendant with the intent to deprive the true owner thereof. This court has held that an indictment under this section of the statute must allege that the property was received with the intent to deprive the true owner thereof. *State v. Bills,* 118 Ark. 44; see also *Kent v. State,* 143 Ark. 439.

It is conceded by the Attorney General that, if the present record is to stand, the court erred in overruling the demurrer of the defendant to the indictment, and that the judgment must be reversed, under the authority of the cases above cited.

But an attempt has been made by certorari to correct the indictment and to show that as originally drawn it contained an allegation that the defendant received the stolen goods with the intent to deprive the true owner thereof, and that by some means this was omitted from the indictment when it was copied into the transcript. Certain evidence was taken before the circuit court and presented to us upon which we are asked to correct the record in this court and to supply the omission in the indictment. This we cannot do. Undoubtedly there is authority somewhere for restoring papers which have been improperly altered and for the substitution of new ones where the originals have been lost. Under our statute this authority is vested in the court in which the case is pending at the time the original paper shall be lost or destroyed. Crawford & Moses' Digest, § 8344.

This court has held that our statute relating to the restoration of lost records does not take away the inherent power of courts of general jurisdiction to restore its lost records. *Ft. Smith Automobile & Supply Co.* v. *Nedry*, 100 Ark. 485. Thus we see that the circuit court exercised a continuing jurisdiction in the premises, even after the appeal was perfected in this case, and had the power to amend its record to make it conform to the facts in the case. If the words claimed to have been omitted from the indictment were in the original, the only remedy is by application to the circuit court.

No order amending the indictment by the circuit court appears in the record, and this court is compelled to treat the attempted substitution as a nullity. *Craig* v. *Horine*, 1 Bibb (Ky.), p. 8; *Gentry* v. *Hutchcraft*, 7 T. B. Monroe (Ky.) 241, 18 Am. Dec. 172; *Frink* v. *Frink*, 43 N. H. 508, 82 Am. Dec. 172; and *Galbraith* v. *McFarland*, (Tenn.) 91 Am. Dec. 281.

If the State desired to have a ruling of the circuit court in the premises, it should have specifically asked a ruling on the question, and then, if the court had refused to hear and determine the matter, it could by appropriate process have compelled the circuit court to act in the premises.

The result of our views is that the circuit court erred in overruling the demurrer to the indictment, and for that error the judgment must be reversed, and the cause will be remanded for further proceedings according to law and not inconsistent with this opinion.