BENDER v. STATE.

4210

151 S. W. 2d 668

Opinion delivered June 2, 1941.

*J. F. Quillin, Byron Goodson* and *M. M. Martin,* for appellant.

*Jack Holt,* Attorney General, and *Jno. P. Streepey,* Assistant Attorney General, for appellee.

HUMPHREYS, J. Appellant was indicted, tried, and convicted of the crime of carnal abuse in the circuit court of Polk county of having sexual intercourse with Bonnie James, a female person, when she was under the age of sixteen years, resulting in a verdict and judgment incarcerating him in the state penitentiary for one year as a punishment for the crime, from which is this appeal.

The indictment charged that the crime was committed on September 14, 1939.

At the beginning of the trial the prosecuting attorney, in making his opening statement to the jury, stated that he would not rely upon the act of sexual intercourse alleged in the indictment as having occurred on September 14, 1939, but would make proof of other acts of sexual intercourse within the period of limitation, whereupon attorneys for the appellant made the following motion:

"The prosecuting attorney, in his opening statement having stated that the prosecution will not rely upon the act of the intercourse as alleged in the indictment to have taken place on September 14, but will attempt to prove other acts of intercourse within the period of limitation, the defendant, before making opening statement to the jury, moves the court to require the state to elect upon which offense it will rely."

Appellant first contends for a reversal of the judgment on the ground that the state failed to prove that the act of sexual intercourse occurred in Polk county. The prosecutrix testified that on Sunday night, September 3, 1939, appellant had sexual intercourse with her between the towns of DeQueen and Wickes, and that the following week he had sexual intercourse at Wickes, where they are building a new school house. This testimony

means that the act of sexual intercourse occurred at the new school house being built at Wickes. Wickes is a village about eight miles from the county line in Polk county of which location this court takes judicial knowledge. The evidence is, therefore, sufficient to show that the offense occurred in Polk county under authority of the cases of *Forehand* v. *State*, 53 Ark. 46, 13 S. W. 728; *Scott* v. *State*, 75 Ark. 142, 86 S. W. 1004; *Guerin* v. *State*, 150 Ark. 295, 234 S. W. 26; *Harris* v. *State*, 186 Ark. 10, 52 S. W. 2d 631; and *Meadow* v. *State*, 201 Ark. 1083, 148 S. W. 2d 653.

Appellant also contends for a reversal of the judgment on the ground that the trial court erred in refusing to require the state to elect which particular act of sexual intercourse it would rely upon after the prosecuting attorney announced in his opening statement that he would not rely upon the act of sexual intercourse alleged in the indictment to have occurred on September 14, 1939, but would attempt to prove other acts of sexual intercourse within the three year period of limitation. The state was not required to elect. Section 3841 of Pope's Digest governs in cases of this kind and is as follows: "The statement in the indictment as to the time at which the offense was committed is not material, further than as a statement that it was committed before the time of finding the indictment, except when the time is a material ingredient in the offense."

"In *Williams* v. *State*, 103 Ark. 70, 146 S. W. 471, we held that, on a charge of carnal abuse 'a conviction will be sustained by proof that the crime was committed by defendant at any time within three years next before the finding of the indictment.'

"Under the above statute, although the offense was alleged to have been committed on December 10, 1915, evidence that the offense was committed on that or any other date within three years before the finding of the indictment would sustain the conviction." *Stinson* v. *State*, 125 Ark. 339, 189 S. W. 49.

This court also said in the case of *McGehee* v. *State*, 162 Ark. 560, 258 S. W. 358, that: "It is true Lena did

not specify any exact date on which an act of sexual intercourse occurred, but we think her statement that these acts of intercourse continued during a period of three years was sufficiently definite.

"It is true also, as is pointed out by counsel for appellant, that the indictment alleged the date of the commission of the offense as being September 1, 1921, but this date is immaterial if the offense was in fact committed within three years of the date of the indictment and at a time when Lena was under sixteen years of age."

No error appearing, the judgment is affirmed.