WATERMAN *v.* STATE.

4222                                    154 S. W. 2d 813

Opinion delivered October 6, 1941.

*Bob Bailey* and *Bob Bailey, Jr.*, for appellant.

*Jack Holt*, Attorney General, and *Jno. P. Streepey*, Assistant Attorney General, for appellee.

McHANEY, J. Appellant was charged by information with the crime of carnal abuse upon the person of one Katie Page, a girl not 14 years of age at the time of the alleged offense. Trial resulted in a verdict of guilty and a judgment of conviction was entered, sentencing him to the penitentiary for one year.

For a reversal of this judgment appellant first contends that the evidence is insufficient to sustain the verdict and judgment—that "there is no testimony whatever to sustain the conviction of this man, except the testimony of this little girl herself." And this quoted statement is true. She testified very positively that appellant did have sexual intercourse with her, stating the approximate time, the place and the circumstances of its occurrence. He, just as positively, denied the truth of her statements. This made a question of fact for the jury. She is not an accomplice within the meaning of § 4017 of Pope's Digest, and corroboration was not necessary. *Boyd* v. *State,* 63 Ark. 504, 39 S. W. 554, 58 Am. St. Rep. 129. While we might not have voted for the verdict had we been on the jury, this is no reason why we should reverse the judgment. There was substantial evidence to support the verdict and the jury is the judge of the credibility of the witnesses and the weight to be given their testimony.

Another assignment of error relates to the refusal of the court to permit the witness, Ollie Gibson, to testify that she saw the prosecutrix and one Joseph Page having sexual intercourse, which was offered to impeach her testimony that she did not have such relation with said Joseph Page and also to attack her credibility as a witness. She was asked whether she had had such relation with him and denied it, although she admitted she had had such relations with other men. We think the court correctly excluded the offered testimony because it was a collateral matter which could not be proven for impeachment purposes. She having testified on cross-examination that she had no such relationship with Joseph Page could not be contradicted by even Joseph Page or Ollie Gibson. *King* v. *State,* 106 Ark. 160, 152 S. W. 990. Nor was it competent as going to her credibility to be

contradicted on a collateral matter. The question was properly asked of her on cross-examination, as going to her credibility, but her answer concluded the inquiry. See, also, *Plunkett* v. *State,* 72 Ark. 409, 82 S. W. 845; *Renfroe* v. *State,* 84 Ark. 16, 104 S. W. 542.

Another assignment argued is that appellant was impotent and could not have committed the offense. This was raised for the first time in the motion for a new trial. We think the suggestion comes too late.

The final argument is that the court erred in permitting the father of the prosecutrix to sit in the court room during the trial, and that his presence compelled the little girl to give false testimony against appellant. This contention cannot be sustained, even though there was anything in the record to show that such was or might have been the case. No objection was made to his presence in the court room until the hearing on the motion for a new trial, when it was objected to his being present at that time.

We find no error, so the judgment must be affirmed.