WILLIS *v.* STATE.

4715                                            252 S. W. 2d 618

Opinion delivered November 10, 1952.

*N. A. McDaniel* and *O. Wendell Hall, Jr.,* for appellant.

*Ike Murry,* Attorney General, and *Dowell Anders,* Assistant Attorney General, for appellee.

ED. F. McFADDIN, Justice. On March 19, 1952, Curtis Willis was indicted for the crime of rape [1] alleged to have been committed on his daughter, Billie Jean Willis. He was tried on that indictment and convicted of carnal abuse [2] and brings this appeal presenting the points now to be discussed.

I. *Sufficiency of the Evidence.* Billie Jean Willis testified that she was 15 years of age on January 4, 1952; that her father, the appellant, raped her on September 3, 1946; and that he continued to compel her to have sexual intercourse with him at frequent intervals thereafter, until about two weeks before the returning of the

---

[1] See § 41-3401 Ark. Stats.
[2] See § 41-3406 Ark. Stats.

indictment. The prosecuting witness testified to the many acts of carnal abuse within the statutory period, and her testimony made a jury case independent of corroboration, even though she was in fact corroborated. *Hodges* v. *State,* 210 Ark. 672, 197 S. W. 2d 52; *Tugg* v. *State,* 206 Ark. 161, 174 S. W. 2d 374; *Waterman* v. *State,* 202 Ark. 934, 154 S. W. 2d 813. One indicted for rape can be convicted for carnal abuse. *Warford & Clift* v. *State,* 214 Ark. 423, 216 S. W. 2d 781, 8 A. L. R. 2d 996. We conclude that the evidence was sufficient to take the case to the jury and to support the jury's verdict.

II. *Bill of Particulars.* The indictment charged the rape to have been committed on September 3, 1946. The appellant moved the trial court to require the State to furnish him—in advance of the impaneling of the jury—with information as to any other and subsequent dates in which the State would claim there had been sexual intercourse by the appellant with his daughter. The appellant assigns as error the refusal by the trial court to require the State to furnish such information.

Since rape is a capital offense (§ 41-3403 Ark. Stats.), there could be no valid claim of limitations by appellant against a rape committed 6 years before the indictment (See § 43-1601 Ark. Stats.). Thus, insofar as the offense of rape was concerned, § 43-1015 Ark. Stats. applies and that section says:

"The statement, in the indictment, as to the time at which the offense was committed, is not material, further than as a statement that it was committed before the time of finding the indictment, except where the time is a material ingredient in the offense."

When the accused presented his motion for detailed information, which amounted to a motion for a bill of particulars, he was being tried on an indictment which charged rape and it was immaterial whether there might be proof of any sexual intercourse after the one charged in the indictment, which was September 3, 1946. The statute on bill of particulars is § 43-804 Ark. Stats., and says:

"The bill of particulars now required by law in criminal cases shall state the act relied upon by the State in sufficient details, as formerly required by an indictment; that is, with sufficient certainty to apprise the defendant of the specific crime with which he is charged, in order to enable him to prepare his defense. . . ."

The indictment in this case definitely charged the appellant with rape, and made unnecessary any bill of particulars as to the rape. Here is the wording of the indictment:

"The Grand Jury of Saline County, in the name and by the authority of the State of Arkansas, accuse Curtis Willis of the crime of Rape committed as follows, to-wit: The said Curtis Willis in the County and State aforesaid, on the 3rd day of September, A. D., 1946, did unlawfully in and upon one Billie Jean Willis, a female person under the age of sixteen years, forcibly, violently and feloniously rape and assault her, the said Billie Jean Willis, then and there violently, forcibly and against her will and consent, did ravish and carnally know, and against the peace and dignity of the State of Arkansas."

If the indictment had only charged carnal abuse, a date within the statutory period might have been material, because, by § 43-1602, the limitation period for a felony less than capital is three years. Even in this rape case, it would not have been improper for the Court to have required the Prosecuting Attorney to inform the defendant of the dates of the acts of intercourse within the three-year period, but in the state of the record at the time the motion was made and acted on by the trial court, we see no error in the ruling of the trial court in refusing the motion for bill of particulars.

In the Court's Instruction No. 4 to the jury, the Court said:

"The alleged offense of carnal abuse must have occurred within three years before the filing of the indictment on March 19, 1952."

Thus the defendant's rights were protected. In *Venable v. State,* 177 Ark. 91, 5 S. W. 2d 716, we held that a state-

ment as to the time of the commission of a carnal abuse is not material except as a statement that it was committed before the time of the finding of the indictment; and in *Oakes* v. *State,* 135 Ark. 221, 205 S. W. 305, the defendant was charged with carnal abuse committed "on the ........ day of ..........., 191......" and we sustained that indictment, saying:

"In a criminal prosecution, the State must *prove* that the offense was committed within the period of the statute bar, . . ."

The defendant knew that under the indictment, he could be convicted of carnal abuse and also knew that any act of sexual intercourse by him with the prosecuting witness, within three years next before the finding of the indictment, would be within the statutory period; so the defendant could not have been prejudiced by the Court's ruling. See *Bender* v. *State,* 202 Ark. 606, 151 S. W. 2d 668. We find no merit in the appellant's assignment of error regarding the ruling on the bill of particulars.

III. *Rulings in Regard to the Evidence.*

(a) The prosecuting witness told of the attack on her on September 3, 1946, and also testified as to many subsequent acts of sexual intercourse by her father on her at frequent intervals up to a few weeks before the returning of the indictment. Some of these acts took place outside of Saline County. The Court told the jury that the girl would be allowed to continue her chronological account of the trips and the acts outside of Saline County in order to go along with the narrative as to the acts in Saline County, but the Court told the jury that it would not consider any of such acts—committed outside of Saline County—in arriving at its verdict. The appellant assigns error in the ruling of the Court because it allowed testimony as to acts of intercourse outside of Saline County. Due to the age of the prosecuting witness, we cannot say that the trial court erred in allowing her to make a chronological statement under the cautionary instruction given to the jury by the Court. The trial court could observe her demeanor on the wit-

ness stand. We cannot say that there was any error in the light of the cautionary instruction which went along with the testimony.

(b) The defense sought to show by Mrs. Barnes that the prosecuting witness, Billie Jean Willis, had at one time driven an automobile of Mrs. Barnes without the permission of the owner. The purpose of this evidence was explained by the defense in this language:

"The evidence is not meant for the purpose of charging or claiming that the said witness committed a felony, but it is offered solely for the purpose of showing the character and the disposition of the said prosecuting witness, the said Billie Jean Willis, that she was a reckless girl and would resort to anything to get out and get with a crowd and furnish the car to carry them in."

The trial court refused the proffered evidence and the appellant claims error. The trial court was correct. A witness cannot be impeached by evidence from other witnesses as to specific acts of bad conduct. *Kirkpatrick* v. *State,* 177 Ark. 1124, 9 S. W. 2d 574. Even in a carnal abuse case, evidence of specific acts of immorality of the prosecuting witness is not admissible as affecting her creditability. *Davis* v. *State,* 150 Ark. 500, 234 S. W. 482. In a carnal abuse case, the defense can cross-examine the prosecuting witness as to her conduct, but is bound by her answers. *Rowe* v. *State,* 155 Ark. 419, 244 S. W. 463.

IV. *Other Assignments.* Several assignments in defendant's motion for new trial relate to the ruling of the Court in the giving and refusing of instructions. Most of these instructions related to the rape charge; and any complaint as to them was rendered moot by the jury's verdict of not guilty of the rape charge. We have carefully checked all of the 20 assignments in the motion for new trial, and find no reversible error in the record.

Affirmed.