## STATE OF MISSISSIPPI *v.* EMMA PRUDE.

CRIMINAL LAW. *Murder. Manslaughter. Infant in mother's womb. Common law. Code* 1892, § 1157.

At common law an infant in the mother's womb is not a person who can be killed within the meaning of the criminal law, and the taking of any substance or the use of any instrument by the pregnant woman herself is not within code 1892, § 1157, making it manslaughter to administer medicine to or to use instruments upon a woman pregnant with a quick child, with intent to and actually killing such child.

FROM the circuit court of Pontotoc county.

HON. EUGENE O. SYKES, Judge.

Emma Prude was indicted for having killed a child of which she was averred to have been pregnant. A demurrer to the indictment was sustained by the court below, and the state appealed to the supreme court. The averments of the indictment are stated in the opinion of the court. The section of the code considered is in the following words, viz.:

1157 (2884). *The same; giving medicine, etc., to pregnant woman and thereby killing child.*—Every person who shall administer to any woman pregnant with a quick child any medicine, drug, or substance whatever, or shall use or employ any instrument or other means, with intent thereby to destroy such child, and shall thereby destroy it, shall be guilty of manslaughter, unless the same shall have been necessary to preserve the life of the mother or shall have been advised by a physician to be necessary for such purpose.

*Wiley N. Nash*, Attorney-general, for appellant.

The indictment, from its conclusion and general make-up, is evidently framed under § 1157 of the Code of 1892. In this

view the point in the case is whether the indictment should have negatived the exception in the statute.    In discussing this question Judge Chalmers, speaking for this court, uses this language:  "It may be said generally that where the exception is so engrafted in the enacting clause of the statute that the offense cannot be described without meeting and negativing the exception, it must always be set out in the indictment ; but that where the exception is contained in some other statute, or is clearly separable from the offense, and the crime may be described without reference to the exception, then the latter is a matter of defense, and need not be mentioned in the indictment.    *Thompson* v. *State*, 54 Miss., 744, citing *Steel* v. *Smith*, 1 Barn. & Adl., 94; *State* v. *Abbey*, 29 Vt., 60; 1 Bishop Crim. Pr., sec. 631 *et seq.*: *United States* v. *Cook*, 17 Wall., 168.

We submit that in all such cases, as contemplated in said § 1157, the exceptions named in the statute can well be raised as matters of defense.    This is the strongest view to take of the case at bar.    *Craft's case*, Walker, R., 409; *Kline's case*, 44 Miss., 317;  *Ward* v. *State*, 70 Miss., 246.


No counsel appeared for the appellee.


Terral, J., delivered the opinion of the court.

The appellee was indicted for that she "did feloniously kill and slay an unborn quick child of said Emma Prude," etc. The defendant demurred to the indictment.    The court sustained the demurrer and the state appeals.

This is not a good indictment at common law, for by the common law, "An infant in the mother's womb, not being *in rerum natura*, is not considered as a person who can be killed within the description of murder, and, therefore, if a woman, being quick or great with child, take any potion to cause an abortion, or if another give her any such potion, or if a person strike her, whereby the child within her is killed, it is not

murder or manslaughter.''   3 Russell on Crimes (International ed.), 6; Wharton on Hom. (2d ed.), sec. 303; Wharton's Am. Crim. Law (6th ed.), sec. 942; McClain on Crim. Law, sec. 294; *Abams* v. *Foshee*, 66 Am. Dec., 91, note.

The indictment, obviously, is not drawn under § 1157, code 1892, because the administration of some medicine, drug or substance, or the use of some instrument, with intent to destroy the unborn quick child, is not alleged therein, and because the taking of any substance or the use of any instrument by the pregnant woman herself with intent to destroy the child in her womb is not covered by said section.   Bishop on Stat. Cr. (2d ed.), secs. 747, 749.

*Affirmed.*