## TOOP *v.* ULYSSES LAND COMPANY.

ERROR TO THE DISTRICT COURT OF THE UNITED STATES FOR THE DISTRICT OF NEBRASKA.

No. 284.   Submitted May 13, 1914.—Decided June 1, 1915.

This court cannot entertain jurisdiction of a direct writ of error to review a judgment of the District Court under § 238, Judicial Code, on frivolous grounds.

The contention that rights were denied under a treaty that did not go into effect until two years after title had vested in defendants in error or in their grantors under the state law, is too frivolous to sustain jurisdiction of this court under § 238, Judicial Code.

Even though the widow had some use of the intestate's property after his death which continued until after the treaty became operative, if the title was not suspended, the treaty could have had no effect thereon.

The contention that a state statute forbidding the ownership of real estate by non-resident aliens is repugnant to the Fourteenth Amendment simply because it does forbid such ownership is also frivolous.

THE facts, which involve the jurisdiction of this court of direct appeals from the judgment of the District Court, are stated in the opinion.

*Mr. Clair E. More, Mr. J. J. Boucher, Mr. Almon W. Bulkley* and *Mr. Thomas D. Crane* for plaintiffs in error.

No appearance for defendants in error.

*Mr. R. C. Roper* and *Mr. C. M. Skiles* filed a brief as *amici curiæ,*

Memorandum opinion by MR. CHIEF JUSTICE WHITE, by direction of the court.

The plaintiffs in error, who were plaintiffs below, alleging themselves to be residents of England and subjects of the Kingdom of Great Britain and Ireland, in 1912 sued the defendants in error to recover a two-thirds interest in a piece of real estate situated in Nebraska. They alleged that John Toop, a resident of Nebraska, who had owned the real estate in question, died in 1898 intestate and without issue, his widow surviving him, and that as children and grand-children of a deceased brother and sister of Toop they as his heirs became the owners of the two-thirds of the property sued for. It was charged that the right to inherit the property notwithstanding the alleged alienage was secured by a treaty between the United States and Great Britain which took effect in 1900. In their answer the defendants deraigned their title from the children and grand-children of a deceased sister of Toop who, it was alleged, were American citizens at the time of Toop's death. Without denying the kinship of the plaintiffs to Toop as they alleged, it was asserted that as aliens they were incapacitated from taking by inheritance or holding real estate in the State of Nebraska in virtue of a law of

that State which was in force at the time of Toop's death. The case was submitted to the court on an agreed statement of facts and was decided against the plaintiffs on the ground that applying the state law prohibiting non-resident aliens "from acquiring title to or taking or holding any lands or real estate in this State by descent, devise, purchase, or otherwise," etc. (act of March 16, 1889, § 4825, Comp. Stat. of 1907), the plaintiffs had no interest in the property for which they sued. The court concluded that the treaty referred to in the pleadings was not necessary to be considered as it only became operative two years after the death of Toop and had no retroactive effect.

On the face of the pleadings the only ground upon which there is any semblance of jurisdiction to entertain this direct writ of error is the averment of the treaty between the United States and Great Britain. But the absolutely frivolous character of that ground is apparent when it is considered that the treaty only went into effect two years after the death of Toop and the vesting of the property in those entitled legally to take it. It is true that it is now argued—a contention which seems not to have been pressed below—that the treaty is involved because Toop's widow who survived him and died in 1907 after the treaty was adopted had a use of the property during her life and therefore title to it did not pass to the heirs until her death. This, however, does not add substance to the proposition, but only asserts another unsubstantial contention, for it is apparent that the fee of the property was not in suspension until the death of the wife, but passed to the heirs entitled to take, subject, it is true, to the use of the widow, but nevertheless so far as the passage of the title was concerned uncontrolled and uninfluenced by the treaty.

As except for a contention that the state statute forbidding the ownership of real property by aliens was repugnant to the Fourteenth Amendment, which seems also

not to have been raised below and which we think also is too frivolous to afford a basis for jurisdiction, what we have said disposes of all the considerations relied upon as the basis for the right to prosecute this direct writ of error, it follows that we are without jurisdiction and the writ is therefore

*Dismissed for want of jurisdiction.*