## ROWE *v.* STATE.

### Opinion delivered October 30, 1922.

1. WITNESSES—IMPEACHMENT ON CROSS-EXAMINATION.—Defendant in a prosecution for carnal abuse may impeach the character of the prosecutrix by cross-examining her as to intercourse with other men.

2. WITNESSES—IMPEACHMENT—CROSS-EXAMINATION AS TO COLLATERAL MATTER.—Where the prosecutrix in a prosecution for carnal abuse was questioned on cross-examination as to having had intercourse with others, 'her answers, whether true or false, were conclusive.

3. RAPE—CARNAL ABUSE—EVIDENCE.—Where the State, in a prosecution for carnal abuse, attempted to corroborate the prosecu-

trix by testimony that defendant was the father of the child, he should have been allowed to prove that another might have been the father.

4. RAPE—CARNAL ABUSE—EVIDENCE.—The State's evidence in a prosecution for carnal abuse that defendant was the father of a child begotten by the illicit intercourse may be rebutted by evidence of an admission by prosecutrix that he was not its father.

5. RAPE—PATERNITY OF CHILD—EVIDENCE.—Where the State in a prosecution for carnal abuse sought to fasten the paternity of a child on defendant, the latter, having testified that he was away from prosecutrix until 8 months before the birth, should have been allowed to prove by the attending physician whether the child was fully developed at birth.

6. RAPE—CARNAL ABUSE—EVIDENCE OF INTERCOURSE WITH ANOTHER. —The intercourse of prosecutrix with another which defendant in a prosecution for carnal abuse may show to rebut evidence of the State tending to prove that defendant was father of her child is limited to the period when conception probably occurred.

7. RAPE—CARNAL ABUSE—DEFENSE.—It is no defense to a prosecution for carnal abuse that prosecutrix had had intercourse with another.

Appeal from Miller Circuit Court; *George R. Haynie,* Judge; reversed.

*B. E. Carter* and *J. M. Carter,* for appellant.

*J. S. Utley,* Attorney General, *Elbert Godwin* and *Wm. T. Hammock,* Assistants, for appellee.

SMITH, J. Appellant was convicted of carnally knowing Pernie Braswell, a female under the age of sixteen years, and has appealed.

The prosecutrix did not expressly testify that appellant was the father of her child, which she produced in court and which she testified was born on April 16, 1922, but, on her direct examination by the prosecuting attorney, a showing was made of act of sexual intercourse with defendant at about the time when conception must have taken place.

The prosecution did attempt, however, to fasten the paternity of the child on appellant through the testimony of a Mrs. Dixon.

This witness testified that appellant told her, before the child was born, that he was its father. On her cross-examination she was asked if the prosecutrix had not stated to her that appellant was not the father of the child; that Joe Holt was its father, but that she would go to hell before she would put it on Joe.

The defendant denied he had ever had sexual intercourse with the prosecutrix; he denied that he had ever gone with her, and the girl admitted that defendant had never visited her, and her parents, who were witnesses in the case, also admitted that they never knew defendant to pay their daughter any attention. The prosecutrix admitted that defendant had never courted her and that she never loved him, and the defendant attempted, by his cross-examination of her, to show that Joe Holt had been and was her sweetheart, and that she was in love with him; but the court held this testimony incompetent. It was the theory of the defense that the prosecutrix had become pregnant by Joe Holt, and that she sought to protect him by falsely accusing defendant.

The defendant asked the prosecuting witness, on cross-examination, if she had not had sexual intercourse with Joe Holt, and an objection to that question was sustained. The defendant also offered to prove by certain witnesses that Joe Holt had had sexual intercourse with the prosecutrix, and offered to prove such acts of intercourse about the time the child was begotten; but the court excluded this testimony.

The defendant undertook to show that during the summer of 1921 (this being the time when the prosecutrix testified defendant had intercourse with her) he was in Kansas City, and that he did not return until eight months before the child was born.

Defendant also called the physician who delivered the child and asked him what the ordinary period of gestation was, and whether the child was fully developed at the time of its birth and appeared to be a normal, fully developed child; but the court excluded this testimony.

It appears, from the above recitals, that the judgment of the court must be reversed. Defendant should have been allowed to ask the prosecutrix about acts of intercourse with other men for the purpose of impeaching her character as a witness. This was, of course, a collateral matter, and her answers, whether true or false, would have concluded the inquiry so far as impeaching her character as a witness was concerned. *King* v. *State,* 106 Ark. 160; *Howell* v. *State,* 141 Ark. 487; *Jordan* v. *State,* 141 Ark. 504; *Davis* v. *State,* 150 Ark. 500.

But this cross-examination was also competent, under the facts of this case, as bearing on the paternity of the child. The State had attempted to show the defendant was the father of the child by his own admissions to that effect, and by the testimony of the prosecutrix that the acts of intercourse occurred about the time conception must have taken place.

We recently had occasion to consider the rule of evidence in the circumstances stated in the case of *McDonald* v. *State, ante* p. 142. It was there said: "It is a well established doctrine that in prosecutions for carnal abuse, the prosecutrix being under the age of consent, her illicit relations with other men, showing want of chastity, are immaterial, because in such a prosecution the chastity of the prosecutrix is not in issue and testimony tending to prove specific acts of sexual intercourse with others than the accused is not relevant. *Pleasant* v. *State,* 15 Ark. 627; *Plunkett* v. *State,* 72 Ark. 409; *Renfroe* v. *State,* 84 Ark. 16; *Peters* v. *State,* 103 Ark. 119; *Davis* v. *State,* 150 Ark. 500. But the doctrine seems to be equally well established, as shown by the above authorities, that where the State undertakes, on direct examination, as was done here, to corroborate the testimony of the prosecutrix by introducing a child which she testified was the result of the sexual intercourse with the accused, then testimony introduced by him in rebuttal, tending to prove that another might have been the father of the child, is competent and relevant. The logical tendency of such

testimony would be to break down the credibility of the prosecuting witness on an issue which the State has elected to bring forward as material to the cause. Before such testimony becomes relevant, however, it devolves upon the appellant to show that the alleged acts tending to prove sexual intercourse with another occurred about the time conception took place. The testimony, in other words, to be competent must tend to contradict and rebut the testimony elicited by the State on the direct examination of the prosecutrix."

While it is true here that the prosecutrix did not expressly state that defendant was the father of the child, this was a reasonable inference from her testimony. But the State did undertake to corroborate the testimony of the prosecutrix as to the acts of intercourse by having Mrs. Dixon testify to an alleged admission of defendant that he was the father of the child; and, as defendant denied making this admission, he should have been allowed to prove that another might have been the father of the child.

In this connection it is proper to state that defendant should have been allowed to show by Mrs. Dixon, as he proposed to do, the admission of the prosecutrix that defendant was not the father of the child.

We think error was committed in refusing to permit the physician to answer the questions set out above, as the answers thereto were relevant and material in determining the child's paternity, a question which the State had elected to put in issue by the testimony of Mrs. Dixon.

The court properly refused to permit defendant to prove general acts of intercourse between the prosecutrix and Joe Holt. Such testimony should have been limited to the period of time when conception probably occurred, and was competent for that purpose only because the State had put in issue the paternity of the child.

To recapitulate: The chastity of the prosecutrix is not in issue in prosecutions under the carnal abuse statute; and while the prosecutrix may be asked, on her cross-examination, about other illicit intercourse, this is only for the purpose of impeaching her as a witness— a circumstance to be considered by the jury in passing upon the credibility of the witness. But, as the matter is collateral to the main issue, her answers, whether true or false, conclude the inquiry. So also the defense may not show acts of sexual intercourse between the prosecuting witness and other persons, as the "*et tu*" defense does not obtain, as was said in the case of *Plunkett* v. *State,* 72 Ark. 409. If, however, the State elects to attempt to corroborate the prosecuting witness by showing that a child was begotten by the illicit intercourse charged in the indictment, then defendant may show acts of sexual intercourse with other persons about the time conception took place for the purpose of rebutting this testimony. The State made that effort here, and the defendant should therefore have been allowed to rebut that testimony by showing that some other person was the father of the child.

For the errors indicated the judgment is reversed, and the cause remanded for a new trial.