ARTHUR ISSAC HALE ET AL *v.* STATE OF ARKANSAS

5735 483 S.W. 2d 228

Opinion delivered July 10, 1972

*James L. Sloan* and *James R. Pate,* for appellants.

*Ray Thornton,* Atty. Gen., by: *Jay N. Tolley,* Asst. Atty. Gen., for appellee.

GEORGE ROSE SMITH, Justice. The three appellants, Arthur Isaac Hale, Oren Ray Hayes, and Charles McMullen were convicted of burglary and grand larceny and were each sentenced to 21 years imprisonment upon each charge. The State's proof showed that on January 5, 1970, they broke into the residence of R. H. Alexander and stole a collection of rifles, pistols, and shotguns. Three points for reversal are argued.

First, the trial judge refused to allow defense counsel to ask a witness for the State whether she had ever committed the crime of sodomy. In so ruling the presiding judge was under the impression that such a question might be put to a defendant, as bearing upon the issue of credibility, but that it cannot be put to any other witness. That distinction is not recognized by our cases. The question was proper and should have been permitted. *Heath* v. *State,* 249 Ark. 217, 459 S.W. 2d 420 (1970); *Kazzee* v. *State,* 175 Ark. 1170 (mem.), 299 S.W. 354 (1927).

Secondly, the appellant Hale contends that the court erred in allowing Officer Presley to testify to an admission made by Hale, to the effect that Hale thought that he could get the stolen property back. Officer Presley had gone to Denver, Colorado, to bring Hale back to Arkansas. The officer warned Hale of his constitutional rights when he picked him up in Denver. The admission was made about an hour and a half later, in the course of a conversation between the two men as they were returning to Arkansas in an airplane.

We think the court was right in allowing the statement to be considered against Hale. Officer Presley stated the substance of the warning that he gave Hale. It was not essential that he also state affirmatively that Hale appeared to understand the warning, that being a matter that might have developed on cross examination. Nor was it essential that the warning be repeated during the conversation on the airliner. The situation is readily distinguishable from that considered in *Scott* v. *State*, 251 Ark. 918, 475 S.W. 2d 699 (1972), for there ninety days elapsed between the giving of the warning and the admission of guilt. Here the interval was only ninety minutes.

Thirdly, Hale sought to prove that on the day of the alleged burglary he was actually in jail in Brantley County, Georgia. The defense offered to show by Sheriff Johns, of Brantley County, that a card record kept in the normal course of business in the operation of the jail showed that Arthur I. Hale, of North Little Rock, Arkansas, had been committed to the Brantley County jail on January 4, 1970, for drunken driving, and had been released January 6. The card was signed by Billy Harrell, a Georgia police officer who died before the trial in the court below. The trial judge refused to allow the card to be introduced in evidence, because the witness, Sheriff Johns, did not have first-hand knowledge that Officer Harrell was dead and was unable to identify the officer's signature on the card.

The card should have been admitted in evidence. Our statute, which was copied from a federal act, allows a business record to be introduced as proof of a transaction or occurrence if the record was made in the regular course of business at the time of the event or within a reasonable time thereafter. The statute recites that all other circumstances relating to the record affect its weight but not its admissibility. Ark. Stat. Ann. § 28-928 (Repl. 1962). The act defines "business" to include every occupation or calling. Section 28-929. Under our holding in *Adams* v. *Summers*, 222 Ark. 924, 263 S.W. 2d 711 (1954), the card was admissible. Its importance to the appellants' theory of the case is self-evident.

Reversed and remanded for a new trial.