The People of the State of Colorado v. John B. Norton

## No. 25400

The People of the State of Colorado v.
Lawson Francis Palmer

## No. 24972

The People of the State of Colorado v. Thor Jorgensen
(507 P.2d 862)

Decided March 5, 1973.

David L. Wood, District Attorney, Stuart Van Meveren, Assistant, for plaintiff-appellant.

48

Walter L. Gerash, Fischer, Wilmarth & Hasler, Roger Pomainville, for defendant-appellee.

Charles J. Onofrio, for amici curiae, Colorado Right to Life Committee, a Colorado nonprofit corporation, Birthright, Inc., a Colorado nonprofit corporation, Archbishop Vehr, Catholic Physicians Guild and individually listed physicians, on behalf of all unborn children in the State of Colorado.

Richard D. Lamm, Roy Lucas, for amici curiae, Colorado Medical Society, The Colorado Public Health Association, The Colorado Psychiatric Association, The Colorado Psychological Society, The Colorado Association for the Study of Abortion, and individually listed physicians.

John P. Moore, Attorney General, John E. Bush, Deputy, E. Ronald Beeks, Assistant, for plaintiff-appellee.

Rollie R. Rogers, State Public Defender, J. D. MacFarlane, Chief Deputy, Kenneth J. Russell, Deputy, for defendant-appellant.

John P. Moore, Attorney General, John E. Bush, Deputy, E. Ronald Beeks, Assistant, for plaintiff-appellee.

Rollie R. Rogers, State Public Defender, J. D. MacFarlane, Chief Deputy, Randolph M. Karsh, Deputy, for defendant-appellant.

MR. CHIEF JUSTICE PRINGLE delivered the opinion of the Court.

For the purposes of this opinion, we have consolidated three cases now on appeal before this Court. They consist of *People v. Norton,* No. 25576, *People v. Palmer,* No. 25400, and *People v. Jorgensen,* No. 24972. In *Norton* the district court held the Colorado criminal abortion statute unconstitutional and the defendant was discharged. In *Palmer* and *Jorgensen* the trial courts held the Colorado criminal abortion statute constitutional and the defendants in those cases were found guilty by a jury and received sentences to the penitentiary. Each of these appeals presents the same issue, viz., that the Colorado criminal abortion statute, 1971 Perm. Supp., C.R.S. 1963, 40-6-101 to 40-6-104, is unconstitutional. For reference we include as Appendix A, a reproduction of the statute in question. In addition to the named litigants, the Colorado Right to Life Committee and many physicians entered the appeals as amici curiae, expressing views which would uphold the state's right to restrict and prohibit abortions. On the other hand, the Colorado Medical Society, the Colorado Public Health Association, the Colorado Psychiatric Association, the Colorado Psychological Society, the Colorado Association for the Study of Abortion, and many physicians also entered as amici curiae, contending that the statute in question is unconstitutional, as being too restrictive upon the right of a woman to obtain an abortion.

 All of the contending parties have now advised us that the issues presented by the cases before us have been determined by *Roe v. Wade,* 41 U.S. L.W. 4213, 410 U.S. 113, 93 S.Ct. 705, 35 L.Ed.2d 147, and *Doe v. Bolton,* 41 U.S. L.W. 4233, 410 U.S. 179, 93 S.Ct. 739, 35 L.Ed.2d 201, both decided by the United States Supreme Court on January 22, 1973, and that those decisions compel us to strike much of the Colorado Criminal Abortion Act as unconstitutional. We agree. Whatever the reasoning in those cases, we are required by constitutional principles to obey the result which they

50

command.

*Doe v. Bolton, supra,* deals with the Georgia criminal abortion statute which is strikingly similar to our own. *Doe* provides the guidelines which we are compelled to follow. As the Attorney General and the Right to Life Committee suggest, they require us, in the context of the issues presented to us, to strike from the Colorado Criminal Abortion statute, as follows:

(1) From Sect. 40-6-101, the following — all of Sect. (2); that portion of section (3) following the words "by a licensed physician using accepted medical procedures;" Sect. (3)(a) in its entirety; Sect. (3)(b) in its entirety; and Sect. (4) in its entirety.

(2) From Sect. 40-6-104, the sentence in the third line beginning with the word "nor" and continuing to the end of the sentence.

We point out again that we have dealt only with the issues presented to us by these appeals. In *Roe, supra,* and *Doe, supra,* the United States Supreme Court has laid down accepted areas within which a state may regulate in the field of abortion; that however, remains a legislative function and not a judicial one.

The district court judgment in *People v. Norton* is affirmed.

The judgments in *People v. Palmer* and *People v. Jorgensen* are reversed and remanded to the district court with directions to vacate the judgments and to dismiss the actions.

MR. JUSTICE KELLY does not participate.

## APPENDIX A

1971 Perm. Supp., Colorado Revised Statutes 1963
(ABORTION)
[The italicized portions are held unconstitutional or of no effect by the foregoing opinion.]
40-6-101. Definitions. As used in sections 40-6-101 to 40-6-104:
(1) "Pregnancy" means the implantation of an embryo in

the uterus.

(2) *"Licensed hospital" means one licensed or certificated by the Colorado department of health.*

(3) "Justified medical termination" means the intentional ending of the pregnancy of a woman at the request of said woman or, if said woman is under the age of eighteen years, then at the request of said woman and her then living parent or guardian, or, if the woman is married and living with her husband, at the request of said woman and her husband, by a licensed physician using accepted medical procedures *in a licensed hospital upon written certification by all of the members of a special hospital board that:*

(a) *Continuation of the pregnancy, in their opinion, is likely to result in: The death of the woman; or the serious permanent impairment of the mental health of the woman as confirmed in writing under the signature of a licensed doctor of medicine specializing in psychiatry; or the birth of a child with grave and permanent physical deformity or mental retardation; or*

(b) *Less than sixteen weeks of gestation have passed and that the pregnancy resulted from conduct defined as criminal in sections 40-3-401 and 40-3-402, or if the female person is unmarried and has not reached her sixteenth birthday at the time of such conduct regardless of the age of the male; or incest, as defined in sections 40-6-301 and 40-6-302, and that the district attorney of the judicial district in which the alleged rape or incest has occurred has informed the committee in writing over his signature that there is probable cause to believe that the alleged violation did occur.*

(4) *"Special hospital board" means a committee of three licensed physicians who are members of the staff of the hospital where the proposed termination would be performed if certified in accordance with subsection (3) of this section, and who meet regularly or on call for the purpose of determining the question of medical justification in each individual case, and which maintains a written record, signed by each member, of the proceedings and deliberations of such board.*

40-6-102. Criminal abortion.

(1) Any person who intentionally ends or causes to be ended the pregnancy of a woman by any means other than justified· medical termination or birth commits criminal abortion.

(2) Criminal abortion is a class 4 felony, but if the woman dies as a result of the criminal abortion, it is a class 2 felony.

40-6-103. Pretended criminal abortion.

(1) Any person who intentionally pretends to end the real or apparent pregnancy of a woman by any means other than justified medical termination or birth commits pretended criminal abortion.

(2) Pretended criminal abortion is a class 5 felony, but if the woman dies as a result of the pretended criminal abortion, it is a class 2 felony.

40-6-104. Failure to comply. Nothing in sections 40-6-101 to 40-6-104 requires a hospital to admit any patient under said sections for the purposes of performing an abortion, *nor is any hospital required to appoint a special hospital board as defined in section 40-6-101(4)*. A person who is a member of or associated with the staff of a hospital or any employee of ·a hospital in which a justified medical termination has been authorized and who states in writing an objection to such termination on moral or religious grounds is not required to participate in the medical procedures which result in the termination of a pregnancy, and the refusal of any such person to participate does not form the basis for any disciplinary or other recriminatory action against such person.