278 So.2d 443 (1973)
Lea SPEARS
v.
STATE of Mississippi.
No. 46657.
Supreme Court of Mississippi.
May 21, 1973.
Rehearing Denied June 18, 1973.
Lewis & Henley, Jackson, for appellant.
A.F. Summer, Atty. Gen. by Timmie Hancock, Sp. Asst. Atty. Gen., Jackson, for appellee.

ON PETITION FOR WRIT OF ERROR CORAM NOBIS
SUGG, Justice:
Lea Spears filed a petition in this Court as authorized by Section 1992.5 Mississippi Code 1942 Annotated (1956), for leave to file a petition for writ of error coram nobis in the Circuit Court of Warren County, Mississippi. Petitioner was convicted November 19, 1969, for performing an abortion and sentenced to serve a term of 10 years in the Mississippi State Penitentiary which conviction was reversed in Spears v. State, 241 So.2d 148 (Miss. 1970). Petitioner was convicted a second time in July, 1971, in the Circuit Court of Warren County and this conviction was affirmed in Spears v. State, 257 So.2d 876 (Miss. 1972), cert. den. 409 U.S. 1106, 93 S.Ct. 893, 34 L.Ed.2d 686 (1973).
*444 Petitioner contends that Section 2223 Mississippi Code 1942 Annotated (Supp. 1972), has been declared unconstitutional by the United States Supreme Court, or, in the alternative, that the abortion statute of Mississippi should be declared unconstitutional because of the decisions on January 22, 1973, of Roe v. Wade, 410 U.S. 113, 93 S.Ct. 705, 35 L.Ed.2d 147 (1973), and Doe v. Bolton, 410 U.S. 179, 93 S.Ct. 739, 35 L.Ed.2d 201 (1973).
In these two cases the United States Supreme Court considered the abortion statutes of Texas and Georgia and in Roe, after declaring that Article 1196 of the Texas abortion statute was unconstitutional, concluded, as a result, that the entire Texas abortion statute, as a unit, must fall.
In Doe, the Court considered the Georgia abortion statute and noted that it was patterned upon the American Law Institute's Modern Penal Code and replaced statutory law that had been in effect for more than 90 years in Georgia. In footnote 37 of Roe, the Court noted that 14 states have adopted some form of the ALI statute and the Mississippi statute is included in this category. The Court held that the Georgia legislation was different from the Texas abortion statute and merited separate consideration. The Court held that certain provisions of the Georgia abortion statute were unconstitutional, but also held that Georgia's interest and protection of health and the existence of a "potential of independent human existence" justified state regulation of the performance as well as the quality of the final decision to abort and refused to strike down all the provisions of the statute.
Petitioner contends that since the Texas abortion statute was declared unconstitutional as a unit, the Mississippi statute should be treated in a similar manner; however, we are of the opinion that Section 2223[1] Mississippi Code 1942 Annotated (Supp. 1966), which proscribes all abortions unless performed by a duly licensed, practicing physician for the reasons set forth in subsections (a) and (b) thereof should be treated like the Georgia abortion statute in Doe, where the Supreme Court affirmed the action of the District Court which held invalid those portions of the Georgia statute limiting abortions to the three situations therein specified. Other parts of the Georgia statute were declared unconstitutional but by sustaining the validity of the portions of the Georgia abortion statute not stricken as being unconstitutional, the Court followed the rule that "a statute may be in part valid and constitutional and in part invalid and unconstitutional." 82 C.J.S. Statutes § 92.
This Court held in Campbell v. Mississippi Union Bank, 6 Howard (7 Miss.) 625 (1842), that although a statute may be invalid or unconstitutional in part, the part that is valid may be sustained where it can be separated from that part which is void.
This brings us to a consideration of the effect of the decisions in Roe and Doe on *445 the Mississippi abortion statute, particularly subsections (a) and (b) of Section 1 thereof which limit abortions to those cases where necessary to preserve the mother's life or where the pregnancy was caused by rape. The Georgia statute contained similar provisions limiting the reasons for abortions by physicians which were held unconstitutional, but portions of the statute remained operative after the decision. The Court stated:
Appellants argue that § 26-1202(a) of the Georgia statute, as it has been left by the District Court's decision, is unconstitutionally vague. This argument centers in the proposition that, with the District Court's having stricken the statutorily specified reasons, it still remains a crime for a physician to perform an abortion except when, as § 26-1202(a) reads, it is "based upon his best clinical judgment that an abortion is necessary." The appellants contend that the word "necessary" does not warn the physician of what conduct is proscribed; that the statute is wholly without objective standards and is subject to diverse interpretation; and that doctors will choose to err on the side of caution and will be arbitrary.
The net result of the District Court's decision is that the abortion determination, so far as the physician is concerned, is made in the exercise of his professional, that is, his "best clinical" judgment in the light of all the attendant circumstances. He is not now restricted to the three situations originally specified. Instead, he may range farther afield wherever his medical judgment, properly and professionally exercised, so dictates and directs him.
The vagueness argument is set at rest by the decision in United States v. Vuitch, 402 U.S. 62, 71-72, 91 S.Ct. 1294, 1298-1299, 28 L.Ed.2d 601 (1971), where the issue was raised with respect to a District of Columbia statute making abortions criminal "unless the same were done as necessary for the preservation of the mother's life or health and under the direction of a competent licensed practitioner of medicine." That statute has been construed to bear upon psychological as well as physical well-being. This being so, the Court concluded that the term "health" presented no problem of vagueness. "Indeed, where a particular operation is necessary for a patient's physical or mental health is a judgment that physicians are obviously called upon to make routinely whenever surgery is considered." 402 U.S., at 72, 91 S.Ct. at 1299. This conclusion is equally applicable here. Whether, in the words of the Georgia statute, "an abortion is necessary," is a professional judgment that the Georgia physician will be called upon to make routinely.
We agree with the District Court, [Doe v. Bolton,] 319 F. Supp. [1048], at 1058, that the medical judgment may be exercised in the light of all factors  physical, emotional, psychological, familial, and the woman's age  relevant to the well-being of the patient. All these factors may relate to health. This allows the attending physician the room he needs to make his best medical judgment. And it is room that operates for the benefit, not the disadvantage, of the pregnant woman. (93 S.Ct. at 747, 35 L.Ed.2d at 212).
The Mississippi statute does not contain the words, "based on his best clinical judgment that an abortion is necessary," that appear in the Georgia statute, and such language is not necessary for the validity of the statute because the necessity for an operation or a particular treatment represents a clinical judgment that physicians are routinely called upon to make for proper treatment of their patients.
The Supreme Court held in both Roe and Doe, that a pregnant woman does not have an absolute constitutional right to an *446 abortion on her demand. In Roe the Court stated:
The State may define the term "physician," as it has been employed in the preceding numbered paragraphs of this Part XI of this opinion, to mean only a physician currently licensed by the State, and may proscribe any abortion by a person who is not a physician as so defined. (93 S.Ct. at 732, 35 L.Ed.2d at 184).
We therefore hold that Section 1 of the Mississippi abortion statute is constitutional with the exception of subsections (a) and (b) and do not reach the constitutionality of the remainder of the statute because it is not necessary to do so in order to decide the issue presented in the case at bar.
The indictment against petitioner charged that she performed an abortion and that such abortion was not done by or on the advice of a physician. The case was tried on the theory that petitioner was not a physician and performed an abortion without medical advice as shown by the instructions given for the State. Petitioner admits in her brief that the State proved she was not a physician and the abortion was not the result of medical advice. Petitioner's conviction was based on Section 1 which prohibits all abortions unless performed by a duly licensed, practicing physician and since petitioner was not a physician the abortion performed by her was a violation of Section 2223 Mississippi Code 1942 Annotated (Supp. 1966).
The question of restrictions on abortions is a matter for the Legislature to assert based on recognized state interests as set forth in Roe, supra, in the following language:
The decision leaves the State free to place increasing restrictions on abortion as the period of pregnancy lengthens, so long as those restrictions are tailored to the recognized state interests. The decision vindicates the right of the physician to administer medical treatment according to his professional judgment up to the points where important state interests provide compelling justifications for intervention. Up to those points the abortion decision in all its aspects is inherently, and primarily, a medical decision, and basic responsibility for it must rest with the physician. If an individual practitioner abuses the privilege of exercising proper medical judgment, the usual remedies, judicial and intra-professional, are available. (93 S.Ct. at 733, 35 L.Ed.2d at 184).
For the reasons stated above, the petition is denied.
Petition for leave to file writ of error coram nobis denied.
All Justices concur.
NOTES
[1] 1. Any person wilfully and knowingly causing, by means of an instrument, medicine, drug or other means whatever, any woman pregnant with child to abort or miscarry, or attempts to procure or produce an abortion or miscarriage shall be guilty of a felony unless the same were done by a duly licensed, practicing physician:

(a) where necessary for the preservation of the mother's life;
(b) where pregnancy was caused by rape.
Said person shall, upon conviction, be imprisoned in the State Penitentiary not less than one (1) year nor more than ten (10) years; provided, however, if the death of the mother results therefrom, the person procuring, causing or attempting to procure or cause the illegal abortion or miscarriage shall be guilty of murder.
2. No act prohibited in paragraph 1 hereof shall be considered exempt under the provisions of subparagraph (a) thereof unless performed upon the prior advice in writing, of two (2) reputable licensed physicians.
3. The license of any physician or nurse shall be automatically revoked upon conviction under the provisions of this act.