**Lea SPEARS, Plaintiff,**

v.

**John E. ELLIS et al., Defendants.**

**Civ. A. No. 1343.**

United States District Court,
S. D. Mississippi, W. D.

July 25, 1974.

Roland C. Lewis, Jackson, Miss., for plaintiff.

George Chaney, County Atty., John E. Ellis, Dist. Atty., Vicksburg, Miss., A. F. Summer, Atty. Gen., Ed Davis Noble, Jr., Asst. Atty. Gen., Jackson, Miss., for defendants.

Before CLARK, Circuit Judge, and COX and NIXON, District Judges.

WILLIAM HAROLD COX, District Judge:

The plaintiff instituted this suit on March 9, 1971 seeking injunctive relief and a declaratory judgment against the defendants for the prosecution of an indictment under the Mississippi Abortion Statute. A three-judge court was requested by the plaintiff but was not requested by the managing judge of this Court and was not constituted until June 2, 1972. That request was not made by the Court until a release by the Supreme Court of the United States of the Texas and Georgia abortion decisions.[1]

As a single-judge court, the presiding judge made a response to a request for emergency relief by overruling a motion of the defendants for a dismissal, but denied injunctive relief by Opinion on March 15, 1971. The case was thus retained for a declaratory judgment and proper action on plaintiff's attack on the constitutional validity of the Mississippi Abortion Statute.

In the meantime the plaintiff was convicted for performing an abortion and sentenced to ten years in prison. That conviction was reversed on the ground that the plaintiff was not confronted by witnesses to prove that the prosecuting witness was pregnant when she was caused to abort. It was at this stage of the proceedings while the case was on remand to the state trial court that this suit was instituted. The plaintiff was again tried and again convicted and on such conviction she was sentenced to serve a term of five years in the State Penitentiary. A rehearing was denied. Whereupon, the plaintiff filed a petition in the Supreme Court of the United

---

1. Roe v. Wade, 410 U.S. 113, 93 S.Ct. 705, 35 L.Ed.2d 147; Doe v. Bolton, 410 U.S. 179, 93 S.Ct. 739, 35 L.Ed.2d 201.

States for a writ of certiorari which was denied.

The plaintiff is a sixty-two year old white female. She is not a doctor or licensed physician or even a trained nurse. She was convicted on two different occasions by two different juries of having performed an abortion upon a pregnant girl named Cynthia Ivey. The operation was not performed upon the prior advice in writing of two reputable licensed physicians. The abortion was not performed for the preservation of the mother's life. The pregnancy was not caused by rape. The Supreme Court of Mississippi affirmed the last conviction of the plaintiff per curiam without an opinion. The plaintiff requested permission to seek a writ of error coram nobis. That request was denied by unanimous opinion from all Justices in a well written opinion by Justice Sugg, reported in 278 So.2d 443. An application for release on a bail bond was made to the presiding judge of this Court and was denied.

It is noteworthy that at common law an infant in the mother's womb was not considered as a person who could be killed within the purview of the murder statute. That was the decision of the Supreme Court of Mississippi on January 23, 1899 in State v. Prude, 76 Miss. 543, 24 So. 871. That statute was sever-

al times amended by the Legislature of the State of Mississippi before Chapter 358, Mississippi Laws of 1966, became effective on June 8, 1966, as the Act under which plaintiff was prosecuted in this case.[2]

This abortion on this young girl was not performed by a duly licensed, practicing physician for any legitimate purpose, but this young unmarried woman simply did not want this child and she employed the unskilled hands of Lea Spears to perform this abortion on her after she was shown to be two months pregnant. Cynthia Ivey was hospitalized for approximately two weeks as a result of this incident. She paid Lea Spears $150.00 for her services. The record shows that Lea Spears principally contended that she did not know the prosecuting witness and had never seen her and was not guilty of the offense. Under the circumstances the only question before this Court is as to the constitutional validity vel non of this Abortion Statute.

The Supreme Court of Mississippi in passing on this particular case said that Section 1 of the Mississippi Abortion Statute is constitutional, with the exception of subsections (a) and (b); and the validity of the remainder of the Statute was not necessary to the decision under the facts in the case at bar.[3]

2. Chapter 358, Mississippi Laws 1966, effective May 8, 1966, now appearing as Title 97-3-3, Mississippi Code 1972 Annotated, provides: "1. Any person wilfully and knowingly causing, by means of any instrument, medicine, drug or other means whatever, any woman pregnant with child to abort or miscarry, or attempts to procure or produce an abortion or miscarriage shall be guilty of a felony unless the same were done by a duly licensed, practicing physician:
   "(a) where necessary for the preservation of the mother's life;
   "(b) where pregnancy was caused by rape. Said person shall, upon conviction, be imprisoned in the State Penitentiary not less than one (1) year nor more than ten (10) years; provided, however, if the death of the mother results therefrom, the person procuring, causing or attempting to procure or cause the illegal abortion or miscarriage shall be guilty of murder.

"2. No act prohibited in [paragraph 1 hereof] shall be considered exempt under the provisions of subparagraph (a) thereof unless performed upon the prior advice in writing, of two (2) reputable licensed physicians.
"3. The license of any physician or nurse shall be automatically revoked upon conviction under the provisions of this act."

3. In Spears v. State of Mississippi, 278 So.2d 443, the Supreme Court of Mississippi, among other things, said: "This Court held in Campbell v. Mississippi Union Bank, 6 Howard (7 Miss.) 625 (1842), that although a statute may be invalid or unconstitutional in part, the part that is valid may be sustained where it can be separated from that part which is void."
   The Court further said in speaking of the case at bar: "We therefore hold that Section 1 of the Mississippi abortion statute is

There is nothing overbroad, or vague, or indefinite about this Section 1 of this Act. The other part of the statute simply has no application to the facts in this case. There is nothing vague or indefinite about the term "physician". That is a commonly used and well known and accepted term which refers to a doctor of medicine who is practicing and licensed as such in Mississippi.[4]

The vagueness doctrine as argument is laid to rest by the United States Supreme Court in United States v. Vuitch, 402 U.S. 62, 91 S.Ct. 1294, 1299, 28 L. Ed.2d 601. This statute of Mississippi irrefragably imparted a sufficient caveat or warning to Lea Spears that her actions were violative of State law.[5]

The State of Mississippi has an impelling right and a pressing need for the enactment of such an abortion statute, and to punish any offenders or violators thereof. The sovereign State of Mississippi has a vested right to enact laws and to punish criminals for violating such laws in furtherance of its sovereign police power.

The plaintiff in this case stands before this Court as duly convicted with an exercise of all constitutional guaranties due her under this statute, which is perfectly valid in every respect insofar as the plaintiff is concerned; and she is being punished by the State within the limits of the statute.

It is the opinion of the Court that injunctive process was not available to the plaintiff under the statute and decisions of the Supreme Court of the United States. The plaintiff has standing to sue in this case because she is directly affected by the validity or not of this statute under which she is being prosecuted. She was accused and convicted of having performed this abortion when she was not a licensed, practicing physician and such abortion was not necessary for the preservation of the mother's life and the pregnancy of the prosecuting witness was not caused by rape. She wilfully and knowingly committed

---

constitutional with the exception of subsections (a) and (b) and do not reach the constitutionality of the remainder of the statute because it is not necessary to do so in order to decide the issue presented in the case at bar.

"The indictment against petitioner charged that she performed an abortion and that such abortion was not done by or on the advice of a physician. The case was tried on the theory that petitioner was not a physician and performed an abortion without medical advice as shown by the instructions given for the State. Petitioner admits in her brief that the State proved she was not a physician and the abortion was not the result of medical advice. Petitioner's conviction was based on Section 1 which prohibits all abortions unless performed by a duly licensed, practicing physician and since petitioner was not a physician the abortion performed by her was a violation of Section 2223 Mississippi Code 1942 Annotated (Supp.1966)."

4. In Roe, et al. v. Wade, 410 U.S. 113, 165, 93 S.Ct. 705, 732–733, the Court said: "The State may define the term 'physician', as it has been employed in the preceding numbered paragraphs of this Part XI of this opinion, to mean only a physician currently licensed by the State, and may proscribe any abortion by a person who is not a physician as so defined."

5. In Spears v. State of Mississippi, 278 So.2d 443, 445, the Supreme Court of Mississippi held: "The vagueness argument is set at rest by the decision in United States v. Vuitch, 402 U.S. 62, 71–72, 91 S.Ct. 1294, 1298–1299, 28 L.Ed.2d 601 (1971), where the issue was raised with respect to a District of Columbia statute making abortions criminal 'unless the same were done as necessary for the preservation of the mother's life or health and under the direction of a competent licensed practitioner of medicine.' That statute has been construed to bear upon psychological as well as physical well-being. This being so, the Court concluded that the term 'health' presented no problem of vagueness. 'Indeed, where a particular operation is necessary for a patient's physical or mental health is a judgment that physicians are obviously called upon to make routinely whenever surgery is considered.' 402 U.S., at 72, 91 S.Ct. at 1299. This conclusion is equally applicable here. Whether, in the words of the Georgia statute, 'an abortion is necessary,' is a professional judgment that the Georgia physician will be called upon to make routinely."

this abortion as charged in the indictment in this case and two different juries found her guilty of such charge in spite of her collateral contentions to the contrary.

The Circuit Judge as a judicial officer presiding over the state trial court is not a necessary or proper defendant in a case of this kind and should be removed from this suit. The District Attorney and the County Attorney and the Sheriff are necessary and proper parties thereto. Probably the Attorney General should have been a party instead of the Circuit Judge. That irregularity may be sufficiently remedied by the responsive order.

The Attorney General as the successful party under the rules of this Court shall prepare and present to the Court within five days a final judgment accordingly. The managing judge is expressly authorized and empowered to sign and enter on behalf of this Court the final judgment of this Court as its official act. Plaintiff will be assessed with all costs of this suit to be taxed by the Clerk of this Court and for which process may issue.